9907

STATE v. FEREBEE.

(95 S. E. 133.)

CRIMINAL LAW—INSTRUCTIONS—DUTIES AND PROVINCE OF JURY.—The instruction, in a criminal case, that if the jury made a mistake in arriving at the truth no tribunal on earth would change its verdict, was wrong as to the statement of law, and may have caused the jury to infer that the Court believed defendant guilty.

Before PEURIFOY, J., Jasper, Summer term, 1917. Reversed.

Defendant was convicted of selling liquor and from sentence appeals.

*Mr. Thos. E. Miller,* for appellant, cites: *As to charge upon facts:* Constitution 1895, art. V, sec. 26.

*Mr. Solicitor George Warren,* for the State, respondent.

February 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from sentence on conviction of selling liquor. The Court charged, in part, as follows:

"You, the jury, have heard all the witnesses, * * * and you must tell what is the truth. If I make a mistake in charging you the law, and if the defendant is prejudiced, the Supreme Court will correct me. But if you make a mistake in arriving at the truth, there is no tribunal on earth that will change it, because you are the sole judges of the facts."

The language quoted is susceptible of a construction which would make it a charge upon the facts, in that it gave the jury an intimation of the opinion of the Judge as to the force and effect to be given to the evidence. When the Court told the jury, "if you make a mistake in arriving at the truth, there is no tribunal on earth that will change it," the jury knowing that the Judge had the power to set aside

their verdict, if it did not meet his approval, may have inferred from the remark that, in the opinion of the Judge, the evidence of guilt was so strong and clear that a verdict of guilty would meet his approval. Unquestionably, if he had told them so in so many words, it would have been ground for reversal.

While we have no doubt that the Court merely intended to impress upon the jury the responsibility resting upon them to find a true verdict, we have no means of knowing that the jury drew only that inference from the language used. Standing alone, and under different circumstances, such a statement might not be deemed sufficiently prejudicial to call for reversal; but, taken in connection with another phase of it, which we must consider, we think it entitles defendant to a new trial.

While it is proper that juries should be impressed with the dignity and importance of their office in the administration of justice, and that they should be advised of the grave responsibility resting upon them in the duty of finding true verdicts, they should not be told—for it is not true—that they are all-powerful in that regard. Under our system of government, arbitrary power is vested in no one functionary, either in the making or in the administration of law. Under the Constitution and statutes, the trial Judge has been vested with the power and charged with the not less solemn and responsible duty of controlling the verdicts of juries, by granting new trials, to the end that there shall be no miscarriage of justice; and he should neither renounce that power and duty, nor indicate any intention of doing so, for it is the main, and in many cases the only, safeguard against capricious or unjust verdicts. Therefore juries should be cautioned that only so long as they render just and true verdicts will they be respected and approved. But, if they are told in advance that any sort of verdict which they may see fit to find will not be disturbed, they may construe it into an unbridled license to administer justice, not accord-

ing to the law and evidence, but according to their own peculiar notions, which may be capricious or controlled by prejudice.

Judgment reversed.